IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Imperial Textile Supplies, Inc., ) | |
| ) | C.A. No. 7:11-689-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Peerless Insurance Company, Peerless ) | |
| Indemnity Insurance Company, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Peerless Insurance Company's ("Peerless") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

In its complaint, Imperial Textile Supplies, Inc. ("Imperial") asserts causes of action against Peerless and Peerless Indemnity Insurance Company ("Peerless Indemnity") for (1) specific performance; (2) breach of contract; and (3) breach of an implied covenant of good

1

faith and fair dealing.  (Compl., generally.)  Peerless maintains that it should be dismissed as a party because Imperial's "allegations all arise out of the alleged declination of coverage under an insurance policy issued by [Peerless Indemnity]," and Imperial does not allege that Peerless issued a policy.  (Peerless Mem. Supp. Mot. Dismiss at 3.)  Upon review, the court agrees that Imperial has failed to plead any factual allegations that could plausibly state a claim for relief against Peerless.  The face of the policy reveals that the commercial liability policy was issued by Peerless Indemnity.  (Peerless Mem. Supp. Mot. Dismiss Ex. A (Insurance Policy at 2).)[1] Further, to date, Imperial has filed no response to Peerless' motion.  Given that each of Imperial's claims is based upon Imperial's contention that it is entitled to loss payment under the insurance policy entered into with Peerless Indemnity, the court finds that dismissal of Peerless is proper.  Based on the foregoing, the court grants Peerless' motion to dismiss.

It is therefore

**ORDERED** that Peerless' motion to dismiss, docket number 5, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 19, 2011

---

[1] Because the insurance policy is "integral to and explicitly relied on in the complaint," and because Imperial has not challenged its veracity, the court is authorized to consider the policy in its disposition of Peerless' motion to dismiss.  <u>Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.</u>, 367 F.3d 212, 234 (4th Cir. 2004).